FILED
CHARLOTTE, NC

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA

FEB 14 2018

US District Court
Western District of NC

Civil Action No.

HARVEY SMITH,

3:18 cv 80 - MOC

Plaintiff,

V.

CHARTER COMMUNICATIONS

Defendants,

## COMPLAINT AND JURY DEMAND

Plaintiff, Harvey Smith, by and through, PRO SE, for his Complaint against

Charter Communications states and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an employment discrimination suit brought by a former employee of CHARTER

COMMUNICATIONS who was harassed on the basis of his race, retaliation and disability.

In retaliation for reporting the same, Defendants adversely altered the terms and conditions

of Plaintiff's employment and subjected Plaintiff to a hostile working environment,

discrimination and retaliation, which forced Defendants to terminate Plaintiff

employment.  Defendants failed to accommodate Plaintiff disability and discharged

2. Plaintiff in violation of state and federal law. Plaintiff accordingly brings claims against

Defendants pursuant to the North Carolina

Americans with Disabilities Act of 1990 (ADA), 42 U.S.C.A. §§ 12101 et seq. ("ADA")

and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

("Title VII").

1

## PARTIES

3. Plaintiff is and at all times relevant to the Complaint was a resident of 45 Sunderland road Concord, North Carolina 28027.

4. Upon information and belief, Defendant Jeremy Rabon is and at all times relevant to the Complaint and a resident of North Carolina.

5. Defendant CHARTER COMMUNICATIONS provides advanced video, high speed internet and telephone services to business and residential customers in 41 states.

6. Defendant CHARTER COMMUNICATIONS location of 7910 Crescent Executive Drive, Charlotte, NC 28217.

7. Plaintiff was employed at CHARTER COMMUNICATIONS from March 14, 2014 through March 21, 2017.

## JURISDICTION AND VENUE

8. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

9. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the North Carolina Americans with Disabilities Act of 1990 (ADA), 42 U.S.C.A. §§ 12101 et seq. as amended, North Carolina. Rev. Stat. § 24-34-402, *et seq.*.

10. Plaintiff additionally raises other employment-related claims under state common law. This Court has original jurisdiction over Plaintiff federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(3), (4). The Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as:

11. Jurisdiction is also proper under 28 U.S.C. §§ 1332(a)(1), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the employment practices and other conduct alleged to be unlawful occurred in the District of North Carolina.

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

14. CHARTER COMMUNICATIONS operates American Telecommunications Company. Plaintiff was a System Engineer who began working for CHARTER COMMUNICATIONS in Charlotte, NC. The events from which Plaintiff's claims arise occurred while he was working at the 7910 Crescent Executive Drive, Charlotte, NC.

15. At all relevant times during his employment, Plaintiff performed his job duties satisfactorily or better.

Attached hereto as Exhibit A

16. The Application Support team which Plaintiff worked for and which consisted of male and female co-workers.

17. Beginning on or about February 2015, Plaintiff was subjected to discrimination, retaliation and harassment. Offensive comments on a weekly, and often nightly, basis from his direct manager, Mr. Rabon.

Defendants continue with false frivolous allegations against Plaintiff. Plaintiff question Manager Jeremy Rabon why is it that all Caucasian employees sleep on the job including

Defendant Jeremy Rabon and his comment was its okay for them to sleep on the job and to Plaintiff mind your business.

Attached hereto as Exhibit B

Manager Jeremy Rabon along with other Caucasian employees within the same department as Plaintiff witness Defendants sleeping on the job and not one of them have been reprimanded as Defendants retaliated and reprimanded against Plaintiff.

Attached hereto as Exhibit B

18. Defendant claim that Plaintiff had been counseled regarding his performance review. Defendant Jeremy Rabon never counseled Plaintiff regarding his performance Plaintiff was given a corrective action form that Plaintiff was not to tell anyone about this form and that Plaintiff could not apply for any Jobs for 6 months because Mr. Rabon did not want to lose Plaintiff on his shift See Plaintiff Rebuttle. Defendants only discussion once a month just to talk how things are going, anything Plaintiff needed those kinds of things.

Attached hereto as Exhibit A, C, D

19. Plaintiff filed an internal complaint regarding the **corrective action form** that Plaintiff could not apply for any position with charter communication.

Plaintiff contacted Human Resources department who told me that my manager Jeremy Rabon did not handle it appropriately and to not worry about the **corrective action form**.

Attached hereto as Exhibit E, C

20. Plaintiff soon thereafter, in early 2016, applied for 49 different positions within Charter Communication, but he was not selected for any of them. Plaintiff asked Defendants Jeremy Rabon did he hear back from the interviews that Plaintiff applied for. Defendants Jeremy Rabon stated yes and he did not give them good reviews about the Plaintiff

Jeremy Rabon did he hear back from the interviews that Plaintiff applied for. Defendants Jeremy Rabon stated yes and he did not give them good reviews about the Plaintiff regarding Plaintiff job performance but negative reviews per manager Jeremy Rabon statements to Plaintiff.

Attached hereto as Exhibit A

21. Defendants Charter Communication claims regarding his non-selection and Charter investigated his concerns. Charter discovered that at Least seven of the positions had been cancelled prior to charging Party's applications, and Charging Party simply was not the most qualified candidate for the other 42 positions.

22. Plaintiff was concerned from that time forward, Plaintiff felt as though his manager was retaliating against him by blocking his ability to transfer into other positions. Additionally, on or about November 9, 2016, my manager reprimanded me for allegedly falling asleep on the job, Even though other employees (Caucasian) slept every week on the job.

Attached hereto as Exhibit B

Plaintiff manager became very upset, cursed Plaintiff, told him to get out of his office and go home. Plaintiff was suspended pending investigation.

23. Defendants placed Plaintiff on administrative leave and removed all his employee access to the network, building, and no permission was allowed for Plaintiff to re-enter. Defendants placed false allegations on Plaintiff and stated that it was his misconduct that caused the altercation.

24. Defendants finished there investigation and requested Plaintiff to return back to work on November 16, 2017 under same manager. Defendants requested Plaintiff to call senior. Manager (Jonthan Holt) before entering the building since Plaintiff did not have

embarrass and humiliate Plaintiff to conclude the investigation with other management to witness., Plaintiff was very uncomfortable because Plaintiff had no notice of this meeting and Plaintiff asked Cindy Stepp could Plaintiff record meeting for no mis-communication on either party. Defendant Cindy Stepp stated No you can not record this meeting..

Attached hereto as Exhibit F

25. Defendant's claims during its investigation, Charter Communications interviewed Charging Party, his supervisor, and three third-party witnesses to the altercation who each confirmed that Charging Party—and not his Supervisor—yelled and used profanity during the incident. There were no third-party witness in meeting only management per email Defendants Jermey Rabon, Peter R. Director, Jonathan Holt Sr. Manager, and Cindy Stepp on conference phone to conclude her investigation.

Attached hereto as Exhibit F

26. As a result of its investigation, Charter concluded that Plaintiff had acted inappropriately toward his manager Jeremy Rabon, on November 16, 2016.

27. Defendants continue with frivolous allegations when the Plaintiff and Defendant Jeremy Rabon was in his office with the door closed and now three third-party-witnesses falsely confirm Plaintiff using profanity during the incident, per email.

Attached hereto as Exhibit F

28. On or about November 17, 2016, Plaintiff went to the doctor and was diagnosed with severe stress and anxiety. Plaintiff was written out of work by by doctor and was placed on leave. Plaintiff doctor has since released him to return to work, under the condition that the Respondent accommodates his disability by transferring Plaintiff to a different department

under a different supervisor in order to Alleviate Plaintiff stress and anxiety. Respondent failed to engage in the interactive process and/or accommodate Plaintiff disability.

Attached hereto as Exhibit G, H

29. On March 21, 2017, Plaintiff was informed that his employment was terminated. Respondent Party never responded to Plaintiff request for accommodation instead Respondent Party terminated Plaintiff employment prior to three doctors request for Plaintiff accommodation.

Attached hereto as Exhibit G, H

30. Defendants however, contained no facts to support that they engaged into interactive process with Plaintiffs. Defendant's claims that they were going to transfer Plaintiff into another department however Defendants contains no documentation to support that they were engaging with Plaintiff in any efforts to transfer Plaintiff to another department. Defendants continue with false and frivolous allegations against Plaintiff.

Attached hereto as Exhibit G, H, J

As a result of Defendant's retaliatory conduct, Plaintiff has suffered loss of income, emotional pain and suffering, embarrassment, and inconvenience and he is entitled to general and special damages, and economic damages including front and back pay. Plaintiff is also entitled to and seeks his attorneys' fees and costs pursuant to 42 U.S.C. §2000e-5(k).

31. Defendant's claims are false attempted to contact Plaintiff on several occasions to obtain this information, but Plaintiff was unresponsive; however, Plaintiff had no voice mail messages. Plaintiff email and called Defendant shows false and frivolous allegations concerning communications with Plaintiff.

Attached hereto as Exhibit I

Plaintiff responded to defendants regarding returning back to work. Defendant called Plaintiff and Plaintiff answered phone. Defendant Cindy Stepp never stated returning back to work, she yelled at Plaintifff while Plaintiff had call on speaker while Plaintiff had several witness that Cindy Stepp yelled and hung up on Plaintiff. Plaintiff called back with no response from Defendant Cindy Stepp so Plaintiff emailed back requesting to put information in email form of what was said and who was present since Defendant rudely hung up on Plaintiff.

Attached hereto as Exhibit I

Charging Party was responding to Defendants to return to work on December 18, 2016, per doctors orders that Plaintiff would not be release back to work unless the accommodation was met.

Attached hereto as Exhibit G

32. Defendants claimed that they continued to attempt to contact Plaintiff regarding his failure to return to work and whether he required any additional accommodations in order to do so.

33. Plaintiff sent in another accommodation from which Defendants terminated Plaintiff Terms of employment. As a result of Defendant's retaliatory conduct, Plaintiff has suffered loss of income, emotional pain and suffering, embarrassment, and inconvenience and he is entitled to general and special damages, and economic damages including front and back pay. Plaintiff is also entitled to and seeks him attorneys' fees and costs pursuant to 42 U.S.C. §2000e-5(k).

Defendants never engaged into the interactive process with Plaintiffs.

Attached hereto as Exhibit G

34. Defendants claims 1 Notably, Charter was willing to transfer Charging Party per this request, but neither Charging Party nor his medical provider submitted any additional documentation. Defendant continue to shows false and frivolous allegations concerning transferring the Plaintiff per Defendants statement **Exhibit J**.

Attached hereto as Exhibit H, **J**

35. Plaintiffs submitted several accommodations from doctors and Charter Communication never requested any additional documentation nor did Charter Communications engage in the interactive process with Plaintiff.

Attached hereto as Exhibit G

36. CHARTER COMMUNICATIONS did nothing to corroborate these

Allegations prior to determining discipline were warranted. To Plaintiff later suspension, Termination.

**Plaintiff was issued a Notice of Right to Sue from those agencies EEOC Charge No: 430-2017-01127.**

## FIRST CLAIM FOR RELIEF

**(Discrimination and Harassment Based on Race in Violation of Title VII, 42 U.S.C. § 2000e, *et seq.* against Defendant CHARTER COMMUNICATIONS)**

37. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

38. Plaintiff is an "employee" as that term is defined at 42 U.S.C. § 2000e (f).

39. Defendant is an "employer" as that term is defined at 42 U.S.C. § 2000e (b).

40. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") prohibits discrimination based on race in employment.

41. Based on the above-described acts, practices and omissions, Defendant engaged in unlawful discrimination under Title VII based on Plaintiff

42. Furthermore, Defendants' illegal actions against Plaintiff, including Mr. Rabon harassment of Plaintiff, were of a race nature and were aimed at Plaintiff because of his race, resulting in adverse impacts to the terms and conditions of Plaintiff's employment and further subjecting Plaintiff to harassment and a hostile work environment.

43. Defendant's conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff position would find Plaintiff work environment to be hostile or abusive.

44. At the time the above-described conduct occurred, including Mr. Rabon's harassment of Plaintiff, and as a result of such conduct, Plaintiff believed his work environment to be hostile or abusive.

45. Defendant CHARTER COMMUNICATIONS knew or should have known of Jeremy Rabon conduct and failed to take prompt, remedial action to stop his conduct.

46. As such, Defendant violated 42 U.S.C. § 2000e-2(a) and discriminated against

47. Plaintiff by not only subjecting him to sufficiently severe or pervasive harassment based on racial stereotypes so as to alter the conditions and terms of Plaintiff's employment, but also:

48. Failing to act and condoning or tolerating such harassment, subjecting Plaintiff to less favorable terms and conditions of employment by imposing heightened and/or disproportionate discipline

49. On Plaintiff, and ultimately constructively terminating Plaintiff employment.

The reasons that Defendant submits for changing the terms and conditions of Plaintiff employment and terminating him are false and pretext for unlawful discrimination.

50. In unlawfully discriminating and retaliating against Plaintiff, Defendant acted willfully, wantonly and/or with malice or with conscious and/or reckless indifference to Plaintiff's equal rights under law, thereby necessitating the imposition of exemplary damages.

51. As a result of Defendant's above-described conduct, Plaintiff has suffered loss of income, emotional pain and suffering, embarrassment, and inconvenience and he is entitled to general and special damages, and economic damages including front and back pay. Plaintiff is Also entitled to and seeks him attorneys' fees and costs pursuant to 42 U.S.C. §2000e-5(k).

## SECOND CLAIM FOR RELIEF

**(Retaliation in Violation of Title VII, 42 U.S.C. § 2000e, *et seq.* as to Defendant CHARTER COMMUNICATIONS)**

52. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

53. Title VII, 42 U.S.C. § 2000e-3(a), states in relevant part that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual, . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he Has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter."

54. Plaintiff engaged in activity protected by Title VII on multiple occasions. Specifically, he opposed Defendant's unlawful and discriminatory practices under Title VII by submitting verbal and written complaints to CHARTER Communication's Human

11

Resources management on multiple times about Mr. Rabon harassment, discrimination, retaliation, and conduct toward him for reporting the same.

55. Plaintiff's opposition and complaints regarding Defendant's illegal practices were protected activities within the meaning of 42 U.S.C. § 2000e, *et seq.*, Americans with Disabilities Act of 1990 (ADA), 42 U.S.C.A. §§ 12101 et seq.

56. Defendant unlawfully retaliated against Plaintiff in the terms and conditions of his employment and subjected Plaintiff to further him harassment because he engaged in the above-described Statutorily-protected activities.

57. For example, Defendant, among other things, failed to follow its own policies regarding discipline and subjected Plaintiff to altered terms of conditions of employment when Defendant's investigation of Plaintiff's repeated complaints resulted in Defendant concluding that Plaintiff should be subject to heightened and/or disproportionate discipline for manufactured conduct. Defendant further failed and refused to take corrective action that would prevent Plaintiff from being subjected to further harassment.

58. A casual connection exists between Plaintiff's protected activities and Defendant's unlawful retaliation.

59. Due to Defendant's retaliatory conduct and refusal to take any corrective action to prevent Plaintiff from being subjected to further harassment, Defendant constructively terminated Plaintiff because he engaged in the aforementioned protected activities.

60. In unlawfully discriminating and retaliating against Plaintiff, Defendant acted willfully, wantonly, and/or with malice or with conscious and/or reckless indifference to Plaintiff's equal rights under law, thereby necessitating the imposition of exemplary damages.

61. As a result of Defendant's retaliatory conduct, Plaintiff has suffered loss of income, emotional pain and suffering, embarrassment, and inconvenience and he is entitled to general and special damages, and economic damages including front and back pay. Plaintiff is also entitled to and seeks him attorneys' fees and costs pursuant to 42 U.S.C. §2000e-5(k).

### THIRD CLAIM FOR RELIEF

**(Discrimination Based on disability and Race in Violation of the North Carolina Americans with Disabilities Act of 1990 (ADA), 42 U.S.C.A. §§ 12101 et seq.** *seq.* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* **As to Defendant CHARTER COMMUNICATIONS**

62. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

63. Defendant subjected Plaintiff to less favorable terms and conditions of employment based on him race orientation and CHARTER COMMUNICATIONS perception of Plaintiff's race orientation, including, but not limited to, by: subjecting him to sufficiently severe or pervasive harassment based on his race, retaliation so as to alter the conditions and terms of his employment; condoning or tolerating such harassment and failing to act to protect Plaintiff after he reported the same; retaliating against Plaintiff and subjecting him to less favorable terms and conditions of employment by imposing heightened and/or disproportionate discipline; and constructively Terminating Plaintiff.

Defendants failed to conduct a reasonable investigation of the complaint and then failed and refused to take prompt remedial action to protect Plaintiff from further harassment and retaliation.

64. Defendant's above-described conduct constituted discrimination based on Plaintiff's disability and his race in violation of ADA and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

65. In unlawfully discriminating and retaliating against Plaintiff, Defendant acted willfully, wantonly, and/or with malice or with conscious and/or reckless indifference to Plaintiff's equal rights under law, thereby necessitating the imposition of exemplary damages.

66. As a direct and proximate result of CHARTER COMMUNICATIONS actions, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience and he is entitled to such general and special damages, economic damages, punitive damages and attorneys' fees and costs as permitted by law.

### FOURTH CLAIM FOR RELIEF

**(Retaliation in violation of the North Carolina Americans with Disabilities Act of 1990 (ADA), 42 U.S.C.A. §§ 12101 et seq.**
*seq.* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* **as to Defendant CHARTER COMMUNICATIONS)**

67. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

68. Plaintiff participated in statutorily protected activity by opposing unlawful practices under ADA, including discrimination and Retaliation based on Plaintiff's race. As a result of Plaintiff protected opposition to discrimination and harassment, CHARTER COMMUNICATIONS retaliated against him by subjecting him to less favorable terms and conditions of employment

As described in this Complaint, including imposing heightened discipline against Plaintiff, condoning or tolerating harassment, and termination.

69. In unlawfully discriminating and retaliating against Plaintiff, Defendant acted willfully, wantonly, and/or with malice or with conscious and/or reckless indifference to Plaintiff's equal rights under law, thereby necessitating the imposition of exemplary damages.

70. As a direct and proximate result of CHARTER COMMUNICATIONS above-described conduct, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience, and he is entitled to such general and special damages, economic damages, punitive damages and attorneys' fees and costs as permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in him favor against Defendant and order the following relief as allowed by law:

A. Compensatory damages, including but not limited to those for emotional distress, inconvenience, mental anguish, and loss of enjoyment of life:

B. Back pay and benefits;

C. Front pay and benefits;

D. Punitive damages;

E. Attorneys' fees and costs of this action as permitted by law;

F. Pre-judgment and post-judgment interest at the highest lawful rate; and

G. Such further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

*Harvey Smith 2/14/15*