IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No: 3:18-cv-00080-MOC-DSC

**HARVEY SMITH,**

    **Plaintiff,**

**v.**

**CHARTER COMMUNICATIONS, INC.,**

    **Defendant.**

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Charter Communications, Inc. ("Defendant"), by and through the undersigned counsel, responds to the allegations contained in Plaintiff's Complaint as follows:

## PRELIMINARY STATEMENT

1. It is admitted that this action alleges employment discrimination. It is further admitted that Plaintiff is a former employee of Charter Communications, Inc. Except as expressly admitted herein, the allegations contained in paragraph 1 of Plaintiff's Complaint are denied.

2. It is admitted that Plaintiff purports to assert claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and Title VII of the Civil Rights act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Except as expressly admitted herein, the allegations contained in paragraph 2 of Plaintiff's Complaint are denied.

## PARTIES

3. The allegations contained in paragraph 3 of Plaintiff's Complaint are admitted, upon information and belief.

4. It is admitted that Jeremy Rabon is a resident of North Carolina. Except as expressly admitted herein, the allegations contained in paragraph 4 of Plaintiff's Complaint are denied.

5. The allegations contained in paragraph 5 of Plaintiff's Complaint are admitted.

6. It is admitted that Defendant has offices located at 7910 Crescent Executive Drive, Charlotte, North Carolina 28217. Except as expressly admitted herein, the allegations contained in paragraph 6 of Plaintiff's Complaint are denied.

7. It is admitted that Plaintiff was employed by Charter Communications, Inc., or its predecessor company, from February 17, 2014 through March 18, 2017. Except as expressly admitted herein, the allegations contained in paragraph 7 of Plaintiff's Complaint are denied.

## JURISDICTION AND VENUE

8. The answers contained in paragraphs 1 through 7 above are reasserted and incorporated herein by reference.

9. It is admitted that Plaintiff purports to assert claims under Title VII and the ADA. Except as expressly admitted herein, the allegations contained in paragraph 9 of Plaintiff's Complaint are denied.

10. It is admitted that Plaintiff purports to assert other employment-related claims under North Carolina common law. The remaining allegations contained in paragraph 10 of Plaintiff's Complaint state the legal conclusions of the Plaintiff, to which no response is required. To the extent a response is required, it is admitted that this Court has subject matter jurisdiction over Plaintiff's claims. Except as expressly admitted herein, the allegations contained in paragraph 10 of Plaintiff's Complaint are denied.

11. The allegations contained in paragraph 11 of Plaintiff's Complaint state the legal conclusions of the Plaintiff, to which no response is required. To the extent a response is

required, it is admitted that this Court has subject matter jurisdiction over Plaintiff's claims. Except as expressly admitted herein, the allegations contained in paragraph 11 of Plaintiff's Complaint are denied.

12. The allegations contained in paragraph 12 of Plaintiff's Complaint state the legal conclusions of the Plaintiff, to which no response is required. To the extent a response is required, it is admitted that venue is proper in this Court. Except as expressly admitted herein, the allegations contained in paragraph 12 of Plaintiff's Complaint are denied.

## FACTUAL ALLEGATIONS

13. The answers contained in paragraphs 1 through 12 above are reasserted and incorporated herein by reference.

14. It is admitted that Plaintiff worked for Defendant as a Systems Engineer II at Defendant's 7910 Crescent Executive Drive, Charlotte, NC location. Except as expressly admitted herein, the allegations contained in paragraph 14 of Plaintiff's Complaint are denied.

15. The allegations contained in paragraph 15 of Plaintiff's Complaint are denied.

16. It is admitted that Plaintiff worked on a team with both males and females. Except as expressly admitted herein, the allegations contained in paragraph 16 of Plaintiff's Complaint are denied.

17. The allegations contained in paragraph 17 of Plaintiff's Complaint are denied.

18. It is admitted that Plaintiff was counseled regarding his 2015 performance review. It is further admitted that Plaintiff received a corrective action form in or around February 2016. It is also admitted that Defendant held monthly meetings with Plaintiff. Except as expressly admitted herein, the allegations contained in paragraph 18 of Plaintiff's Complaint are denied.

19. It is admitted that Plaintiff submitted a rebuttal to and contacted Human Resources regarding the corrective action form he received in or around February 2016. Except

3

as expressly admitted herein, the allegations contained in paragraph 19 of Plaintiff's Complaint are denied.

20. It is admitted that in or around early 2016, Plaintiff applied for a number of positions at Defendant and was not selected. Except as expressly admitted herein, the allegations contained in paragraph 20 of Plaintiff's Complaint are denied.

21. It is admitted that Plaintiff raised concerns regarding his non-selection and Defendant looked in to his concerns. It is further admitted that Defendant discovered that at least seven of the positions had been cancelled prior to Plaintiff's applications, and Plaintiff was not the most qualified candidate for the other positions. Except as expressly admitted herein, the allegations contained in paragraph 21 of Plaintiff's Complaint are denied.

22. Defendant lacks knowledge as to Plaintiff's personal concerns and feelings sufficient to admit or deny the first sentence contained in paragraph 22 of Plaintiff's Complaint. Consequently, those allegations are denied. It is admitted that Mr. Rabon counseled Plaintiff regarding sleeping during working hours in or around November 2016. It is further admitted that Plaintiff was placed on paid administrative leave while Defendant conducted an investigation into the altercation between Plaintiff and Mr. Rabon. Except as expressly admitted herein, the allegations contained in paragraph 22 of Plaintiff's Complaint are denied.

23. It is admitted that Plaintiff was placed on paid administrative leave during which time he did not have access to Defendant's network or building. Except as expressly admitted herein, the allegations contained in paragraph 23 of Plaintiff's Complaint are denied.

24. It is admitted that on or around November 16, 2016, Defendant informed Plaintiff that he needed to return to work. It is further admitted that during his meeting with Director, Human Resources Cynthia Stepp, Plaintiff asked if he could record the conversation, and Ms.

Stepp did not agree to the recording. Except as expressly admitted herein, the allegations contained in paragraph 24 of Plaintiff's Complaint are denied.

25. It is admitted that during its investigation, Defendant interviewed Plaintiff, his supervisor and three witnesses to the altercation who each confirmed that Plaintiff, and not his supervisor, yelled and used profanity during the incident. Except as expressly admitted herein, the allegations contained in paragraph 25 of Plaintiff's Complaint are denied.

26. The allegations contained in paragraph 26 of Plaintiff's Complaint are admitted.

27. The allegations contained in paragraph 27 of Plaintiff's Complaint are denied.

28. It is admitted, upon information and belief, that Plaintiff saw a health care provider on November 17, 2016 and requested FMLA leave on the same date. It is further admitted that Plaintiff submitted a note from his health care provider requesting that Plaintiff be transferred to a different department with different supervisors. Except as expressly admitted herein, the allegations contained in paragraph 28 of Plaintiff's Complaint are denied.

29. It is admitted that Plaintiff's employment was terminated effective March 18, 2017. Except as expressly admitted herein, the allegations contained in paragraph 29 of Plaintiff's Complaint are denied.

30. The allegations contained in paragraph 30 of Plaintiff's Complaint are denied.

31. The allegations contained in paragraph 31 of Plaintiff's Complaint are denied.

32. It is admitted that after Plaintiff failed to return to work on December 18, 2016, over the course of the next three months, Defendant attempted to contact Plaintiff regarding his failure to return to work and whether he required any additional accommodations in order to do so. Except as expressly admitted herein, the allegations contained in paragraph 32 of Plaintiff's Complaint are denied.

33. The allegations contained in paragraph 33 of Plaintiff's Complaint are denied.

34. The allegations contained in paragraph 34 of Plaintiff's Complaint are denied.

35. The allegations contained in paragraph 35 of Plaintiff's Complaint are denied.

36. It is admitted that the EEOC issued a Notice of Right to Sue Letter in connection with Charge No. 430-2017-01127 on or around November 29, 2017. Except as expressly admitted herein, the allegations contained in paragraph 36 of Plaintiff's Complaint are denied.

## FIRST CLAIM FOR RELIEF

37. The answers contained in paragraphs 1 through 36 above are reasserted and incorporated herein by reference.

38. The allegations contained in paragraph 38 of Plaintiff's Complaint state the legal conclusions of the Plaintiff, to which no response is required.

39. The allegations contained in paragraph 39 of Plaintiff's Complaint state the legal conclusions of the Plaintiff, to which no response is required.

40. The allegations contained in paragraph 40 of Plaintiff's Complaint state the legal conclusions of the Plaintiff, to which no response is required.

41. The allegations contained in paragraph 41 of Plaintiff's Complaint are denied.

42. The allegations contained in paragraph 42 of Plaintiff's Complaint are denied.

43. The allegations contained in paragraph 43 of Plaintiff's Complaint are denied.

44. The allegations contained in paragraph 44 of Plaintiff's Complaint are denied.

45. The allegations contained in paragraph 45 of Plaintiff's Complaint are denied.

46. The allegations contained in paragraph 46 of Plaintiff's Complaint are denied.

47. The allegations contained in paragraph 47 of Plaintiff's Complaint are denied.

48. The allegations contained in paragraph 48 of Plaintiff's Complaint are denied.

49. The allegations contained in paragraph 49 of Plaintiff's Complaint are denied.

50. The allegations contained in paragraph 50 of Plaintiff's Complaint are denied.

51. The allegations contained in paragraph 51 of Plaintiff's Complaint are denied.

## SECOND CLAIM FOR RELIEF

52. The answers contained in paragraphs 1 through 51 above are reasserted and incorporated herein by reference.

53. The allegations contained in paragraph 53 of Plaintiff's Complaint are conclusions and/or recitations of law to which no response is required.

54. The allegations contained in paragraph 54 of Plaintiff's Complaint are denied.

55. The allegations contained in paragraph 55 of Plaintiff's Complaint are denied.

56. The allegations contained in paragraph 56 of Plaintiff's Complaint are denied.

57. The allegations contained in paragraph 57 of Plaintiff's Complaint are denied.

58. The allegations contained in paragraph 58 of Plaintiff's Complaint are denied.

59. The allegations contained in paragraph 59 of Plaintiff's Complaint are denied.

60. The allegations contained in paragraph 60 of Plaintiff's Complaint are denied.

61. The allegations contained in paragraph 61 of Plaintiff's Complaint are denied.

## THIRD CLAIM FOR RELIEF

62. The answers contained in paragraphs 1 through 61 above are reasserted and incorporated herein by reference.

63. The allegations contained in paragraph 63 of Plaintiff's Complaint are denied.

64. The allegations contained in paragraph 64 of Plaintiff's Complaint are denied.

65. The allegations contained in paragraph 65 of Plaintiff's Complaint are denied.

66. The allegations contained in paragraph 66 of Plaintiff's Complaint are denied.

## FOURTH CLAIM FOR RELIEF

67. The answers contained in paragraphs 1 through 66 above are reasserted and incorporated herein by reference.

68. The allegations contained in paragraph 68 of Plaintiff's Complaint are denied.

69. The allegations contained in paragraph 69 of Plaintiff's Complaint are denied.

70. The allegations contained in paragraph 70 of Plaintiff's Complaint are denied.

## PRAYER FOR RELIEF

Defendant denies the remaining allegations following the "WHEREFORE" clause at the end of Plaintiff's Complaint, including but not limited to subparagraphs A – G.

## JURY TRIAL DEMAND

Defendant acknowledges that Plaintiff has requested a jury trial.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to comply with any statutory prerequisites, Plaintiff's claims in this action are barred.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of or are inconsistent with the charge of discrimination he filed with the EEOC.

## FOURTH AFFIRMATIVE DEFENSE

All events which occurred more than one hundred eighty (180) days prior to the filing of Plaintiff's charge of discrimination are untimely and are not properly assertable in this action; nor is Plaintiff entitled to relief in this action for any events which occurred more than one hundred eighty (180) days prior to his EEOC charge.

## FIFTH AFFIRMATIVE DEFENSE

Any and all actions taken with regard to Plaintiff's employment relationship with Defendant were based solely upon legitimate, non-discriminatory, non-retaliatory reasons, were justified and were not contrary to any public policy or unlawful.

### SIXTH AFFIRMATIVE DEFENSE

The business and employment practices of Defendant are now, and were at all relevant times, conducted in accordance with any and all applicable local, state and federal laws and regulations.

### SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff was not a qualified individual with a disability within the meaning of the Americans with Disabilities Act.

### EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, to the extent that Plaintiff requested any accommodation from Defendant, such accommodation may have imposed an undue hardship on Defendant.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel and/or unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff has and continues to have the ability to mitigate any alleged damages and to the extent mitigation has not occurred, Defendant pleads failure to mitigate as a full or partial bar to Plaintiff's recovery.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent it may be found that Plaintiff was subjected to any of the conduct alleged in the Complaint, which Defendant denies, Plaintiff's potential remedies are limited, in whole or in part, to the extent there is any after-acquired evidence of wrong-doing by Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent it may be found that Plaintiff was subjected to any of the conduct alleged in the Complaint, which Defendant denies, such conduct was contrary to Defendant's good faith efforts to comply with the federal anti-discrimination laws. Consequently, any claims of Plaintiff for punitive damages are barred.

Defendant hereby reserves the right to assert, and does not waive, any additional or further defenses as may be revealed by additional information acquired during discovery or otherwise and reserve the right to amend this Answer to assert any such defenses.

**WHEREFORE**, Defendant prays to the Court that:

1. Plaintiff have and recover nothing of Defendant;

2. Plaintiff's Complaint be dismissed in its entirety with prejudice;

3. Judgment be entered in favor of Defendant as to Plaintiff's claims against Defendant in this action;

4. Defendant recovers its costs in defending this action, including, but not limited to, attorneys' fees as allowed by law; and

5. The Court grant Defendant such other and further relief as the Court may deem just and proper.

This 29th day of March, 2018.

> s/ Stacy K. Wood
> Stacy K. Wood, N.C. Bar No. 21768
> stacywood@parkerpoe.com
> s/Sarah J. Douglas
> Sarah J. Douglas, N.C. Bar No. 47839
> sarahdouglas@parkerpoe.com
> PARKER POE ADAMS & BERNSTEIN L.L.P.
> Three Wells Fargo Center 401 South Tryon Street,
> Suite 3000 Charlotte, North Carolina 28202
> Telephone: (704) 335-9844
> Facsimile: (704) 334-4706

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing "***Defendant's Answer to Plaintiff's Complaint***" was served via first class mail on Plaintiff and his attorney addressed as follows:

>Harvey Smith
>45 Sunderland Road
>Concord, North Carolina 28027
>harvey_smith4@yahoo.com
>
>Michael C. Harman
>Harman Law
>8712 Lindholm Drive, Suite 300
>Huntersville, NC 28078
>michael@harmanlawnc.com

This 29th day of March, 2018.

>s/ Sarah J. Douglas
>Stacy K. Wood, N.C. Bar No. 21768
>Sarah J. Douglas, N.C. Bar No. 47839
>PARKER POE ADAMS & BERNSTEIN LLP
>Three Wells Fargo Center
>401 South Tryon Street, Suite 3000
>Charlotte, North Carolina 28202
>Telephone: (704) 335-9844
>Facsimile: (704) 334-4706
>
>*Attorneys for Defendant*

12
PPAB 4161283v2
Case 3:18-cv-00080-MOC-DSC   Document 7   Filed 03/29/18   Page 12 of 12