# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18CV80-MOC-DSC

| | |
|---|---|
| HARVEY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHARTER COMMUNICATIONS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on "Defendant's Motion for Partial Dismissal of Plaintiff's First Amended Complaint and Motion to Dismiss Plaintiff's Second Amended Complaint" (document #21) as well as the parties' briefs and exhibits (documents ##22, 24 and 25). Defendant is "asking the Court to (1) dismiss all claims that were improperly included or not asserted in Plaintiff's First Amended Complaint, and (2) dismiss Plaintiff's Second Amended Complaint in its entirety as untimely." "Defendant's Reply …" at 1 (document #25). Plaintiff devotes his response to arguing the merits of his claims.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is ripe for determination.

On February 14, 2018, Plaintiff filed this pro se Complaint against his former employer Charter Communications. He asserted Title VII claims for race discrimination, harassment and retaliation and ADA claims for failure to accommodate, discrimination and retaliation.

On June 26, 2018, Plaintiff filed a "Motion to Amended Complaint in Defamation and

1

FMLA for Injunctive Relief and for Monetary Judgment" (document #14). Plaintiff sought to amend his Complaint to include claims for "Common Law Defendant Per Se (libel and slander), General Defamation (libel and slander), Defamation by Implication (libel and slander), Intentional Infliction of Emotion Distress ("IIED"), Tortuous Interference with Prospective Advantage, and Assault" as well as FMLA interference and retaliation claims. (document #14-1).

On July 10, 2018, Defendant filed its response to Plaintiff's Motion to Amend (document #15). Defendant did not oppose Plaintiff adding claims for defamation and FMLA interference and retaliation, but opposed his proposed claims for IIED, tortious interference with a prospective advantage, and assault.

On July 18, 2018, Plaintiff filed a Reply in support of his Motion to Amend (document #16), as well as a "Motion to Amended Complaint in Defamation and FMLA for Injunctive Relief and for Monetary Judgment" (document #17).

On July 18, 2018, the Court <u>granted</u> Plaintiff's Motion to Amend as to his claims for defamation and FMLA interference and retaliation and <u>denied</u> the Motion in all other respects. "Order" (document #18). The Court also ordered that "Plaintiff shall file his Amended Complaint within fifteen days of this Order." <u>Id.</u>

On July 30, 2018, Plaintiff filed a "Motion to Amended Complaint in Intentional Infliction and Emotional Distress, Tortious Interference for Injunctive Relief and for Monetary Judgment," which was docketed as a First Amended Complaint (document #19). The First Amended Complaint did not include Plaintiff's initial Title VII and ADA claims, or the FMLA interference and retaliation claims allowed by the Court's July 18, 2018 Order. Instead, taken in the light most favorable to Plaintiff, the First Amended Complaint asserts claims for libel, failure to engage in the interactive process under 42 U.S.C. §1981, race discrimination and retaliation under

the "North Carolina Civil Rights Act," IIED, negligent infliction of emotional distress ("NEID") and punitive damages (document #19).

On August 9, 2018, Plaintiff filed a "Motion to Amended Complaint in Defamation and FMLA for Injunctive Relief and for Monetary Judgment" (document #20), which was docketed as a Second Amended Complaint. Like the First Amended Complaint, this pleading does not include Plaintiff's Title VII and ADA claims or his proposed FMLA interference or retaliation claims. Instead, Plaintiff purports to assert claims for failure to engage in the interactive process and retaliation under Section 1981 and Section 1983, race discrimination and retaliation under the "North Carolina Civil Rights Act," IIED, NIED, libel and punitive damages.

On August 13, 2018, Defendant filed its Motion to Dismiss.

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they

3

are no more than conclusions, are not entitled to the assumption of truth.  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief.  Id. at 679.  "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id..  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed.  Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful of the latitude extended to the pleadings of pro se litigants.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally").  However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint.  Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).  See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th

4

Cir. 1985).

Under circumstances present here, Plaintiff could amend his pleadings only with leave of the Court. Fed. R. Civ. P. 15(a)(2). He was granted leave to file defamation and FMLA claims. His First Amended Complaint omitted any FMLA claims but purported to state claims based on Section 1981, the North Carolina Civil Rights Act, IIED, NIED and punitive damages. Those claims must be dismissed as exceeding the scope of the July 18, 2018 Order.

The First Amended Complaint does not include any allegations regarding FMLA interference, retaliation or the Title VII and ADA claims asserted in the initial Complaint. Those claims are no longer before the Court and must also be dismissed. See Young v. City of Mt. Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule …is that an amended pleaded supersedes the original pleading, rendering the original pleading of no effect. Thus, if an amended complaint omits claims in the original complaint, the plaintiff has waived those omitted claims").

Plaintiff filed his Second Amended Complaint more than a week after the deadline set by the Court's July 18, 2018 Order. It should be dismissed as untimely.

## ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion for Partial Dismissal of Plaintiff's First Amended Complaint and Motion to Dismiss Plaintiff's Second Amended Complaint" (document #21) be **GRANTED**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the pro se Plaintiff, defense counsel, and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: August 27, 2018

David S. Cayer
United States Magistrate Judge