UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00080-MOC-DSC

| | |
|---|---|
| **HARVEY SMITH,** | ) |
| Plaintiff, | ) ) ) |
| Vs. | ) ) ORDER |
| **CHARTER COMMUNICATIONS ,** | ) ) ) |
| Defendant. | ) ) |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the Honorable David S. Cayer, United States Magistrate Judge, advised the parties of the right to file objections within 14 days (plus three days for service by mail, as plaintiff is proceeding *pro se*), all in accordance with 28 U.S.C. § 636(b)(1)(c). Objections have been filed within the time allowed.[1]

**I.    Applicable Standard**

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific

---

[1] The Court notes its delay in reaching this matter and advises the parties that, while the issues were first considered in October 2018, an error in filing occurred which was not caught until the preliminary CJRA Report was published in March 2019. The Court apologizes for the delay and any inconvenience.

1

error in Judge Cayer's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of Judge Cayer's recommendation.

## II. Background

This action arises from an employment dispute between plaintiff, Harvey Smith, and his employer, Charter Communications. In his Complaint, Mr. Smith alleged Charter leadership has engaged in a pattern of discriminatory, harassing, and retaliatory conduct since approximately February 2015. He claims such behavior prevented him from moving forward or laterally within the company, caused an altercation that lead to his suspension in November 2016, and ultimately brought about his termination on March 21, 2017. In all, the Complaint contained six (6) claims based on Title VII of the Civil Rights Act ("Title VII") and the Americans with Disabilities Act ("ADA"). Charter denied these allegations. On June 5, 2018, the parties participated in a mediated settlement conference using the district's Pro Se Settlement Assistance Program. The outcome of the mediation was an impasse. Plaintiff has since attempted to amend his Complaint twice and defendant has filed a Motion to Dismiss.

On August 27, 2018, Magistrate Judge David S. Cayer issued a Memorandum and Recommendation (#26) in which he concluded that Defendant's Motion for Partial Dismissal of the First Amended Complaint and Motion to Dismiss the Second Amended Complaint (#21) should be granted. Plaintiff has filed an Objection to Memorandum and Recommendations (#29).

Defendant has filed a Response in Opposition to Plaintiff's Objection (#32).[2] The Court has carefully considered each objection and conducted a *de novo* review of the recommendations to which objection has been made.

## III. Discussion

### A. Claims Contained in the First Amended Complaint

The Court is mindful of the latitude extended to the pleadings of *pro se* litigants. Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding courts should construe a *pro se* petitioner's inartful pleading liberally). Courts cannot, however, act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the *pro se* plaintiff).

While it is clear from plaintiff's Objection that he disagrees with Judge Cayer's recommendation that this action be partially dismissed, the objections are at best general or conclusory objections that mirror plaintiff's earlier pleadings and do not direct this Court to any precise error committed by Judge Cayer. As such, the Court is not able to address any specific objections to the magistrate judge's recommendation, directly. But being mindful of the latitude extended to *pro se* litigants and the Court's duty to review the magistrate judge's recommendation *de novo*, the Court has carefully considered plaintiff's contentions and construed his pleadings liberally.

Following the unsuccessful mediation, plaintiff filed a Motion to Amend (#14) seeking leave from the Court to add claims for libel, slander, IIED, tortious interference with prospective

---

[2] Plaintiff also filed a Motion to Strike Defendant's Affirmative Defenses (#28) on August 30, 2018. Defendant filed a Response in Opposition to Plaintiff's Motion to Strike (#30) on September 13, 2018. The Court will issue a decision on that Motion separately.

3

advantage, assault, and interference and retaliation under FMLA. Due to the passage of time, plaintiff could have amended his pleadings only with leave of the Court. Fed.R.Civ.P. 15(a)(2). Judge Cayer <u>granted</u> the Motion as to claims for defamation and FMLA interference and retaliation but <u>denied</u> it in all other respects because the proposed Amended Complaint did not state facts sufficient to support such claims. The Court instructed Plaintiff to file an Amended Complaint within fifteen (15) days of the Order, making the deadline to amend August 1, 2018.

Despite being granted leave to include FMLA claims, plaintiff's First Amended Complaint included no FMLA claims, but attempted to assert claims for which leave had not been granted, including claims under Section 1981, the North Carolina Civil Rights Act, IIED, NIED, and punitive damages. The only claim contained in the First Amended Complaint for which leave to amend had been granted was plaintiff's claim for libel. Thus, the only new claim plaintiff has properly asserted is his claim for libel. The Court fully concurs in Judge Cayer's determination that the only new claim plaintiff has properly asserted is one for libel.

**B.      Abandonment of Claims Asserted in the Original Complaint**

More problematic, plaintiff also failed to reassert the six claims under Title VII and the ADA from his initial Complaint in his First Amended Complaint. Arguing that the claims in the original Complaint should be dismissed, defendant argued in its Reply in Support of its Motion to Dismiss (#25), as follows:

> Plaintiff's First Amended Complaint fails to include any allegations regarding FMLA interference or retaliation and fails to re-allege any of the six Title VII and ADA claims Plaintiff asserted in his initial Complaint. Accordingly, those claims must also be dismissed as no longer before the Court. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule … is that an amended pleaded supersedes the original pleading, rendering the original pleading of no effect. Thus, if an amended complaint omits claims in the original complaint, the plaintiff has waived those omitted claims").

Reply (#25) at 1. While defendant quite properly cited the Court to <u>Young</u> as the controlling law,

4

the part of the quote drawn from that decision that was omitted through ellipsis left out the phrase "as stated above." Had that been included, the reader would have been alerted to reference the rule as it was more completely stated earlier in that decision. That earlier, complete statement of the rule provided that "[a]s a general rule, an amended pleading <u>ordinarily</u> supersedes the original and renders it of no legal effect." <u>Id.</u> at 572 (emphasis added; internal citations and quotation marks omitted). The use of the adverb "ordinarily" in that earlier statement of law instructs this Court that the "general rule" is not as absolute as the later statement might suggest. The word "ordinarily" suggests to this Court that the rule would be applicable where, as in <u>Young</u>, the abandonment is counseled, and perhaps inapplicable where the plaintiff is proceeding *pro se* and has not been advised by a court of the requirement of bringing forward any colorable claims from the original complaint either through incorporation or restatement. While it is fair to see why the magistrate judge recommended taking this course of action based on the argument of the defense, this Court's reading of <u>Young</u> suggests a different approach, which the Court will now discuss.

1. **Amendments**

Plaintiff's allegations have been far from organized or eloquent. He has filed four documents captioned "Motion to Amend" (or some variation thereof), only two of which were actual motions. Another two pleadings captioned as "Motions" were properly deemed by Judge Cayer as First and Second Amended Complaints, as each contained the elements of a Complaint and in no manner resembled a Motion. Overall, plaintiff has attempted to assert around 14 to 15 claims ranging from discrimination and retaliation to defamation and other tortious conduct.[3]

---

[3] This tally includes claims contained in the original Complaint, First Amended Complaint, and attempted Second Amended Complaint. Although the Court acknowledges that the Second Amended Complaint was untimely filed and, therefore, the claims contained therein were never properly asserted, the Court counted any new claims contained in this late filing that plaintiff had not already asserted in previous pleadings to emphasize plaintiff has *attempted* to assert many claims throughout the course of this action.

However, if the Court were to adopt the M&R, the only claim that would remain would be a supplemental state law claim for libel.

Plaintiff's First Amended Complaint failed to either restate or incorporate by reference the six claims under Title VII and the ADA that were contained in his original Complaint. There are no indicia that this was intentionally done by plaintiff, especially since these claims were not subject to a Motion to Dismiss but were answered by the defendant. See Answer (#7). It is equally troubling that despite having been granted leave to assert a claim under the FMLA, plaintiff failed to include that claim in his First Amended Complaint. Given the contradictory nature of plaintiff's actions and the ardent nature of his filings to date, it is hard to find that plaintiff intentionally abandoned his claims under Title VII, the ADA, and FMLA.

### 2. Treatment of *Pro Se* Litigants in the Fourth Circuit

While the Fourth Circuit has clearly held that an amended pleading *ordinarily* supersedes the original complaint, Young, 238 F.3d at 572, the Fourth Circuit has not directly addressed whether there is an exception to the general rule for *pro se* litigants who have not been advised of the abandonment pitfall. However, review of the treatment of pro se pleadings in the Fourth Circuit suggests that the exception envisioned by the word "ordinarily" would include missteps by pro se litigants.

In the Fourth Circuit, pleadings by *pro se* litigants must be liberally construed. See Kerr v. Marshall Univ. Bd. of Governors, 824 F.3d 62, 72 (4th Cir. 2016) (reiterating federal courts' well-settled obligation to liberally construe a *pro se* complaint); Jehovah v. Clarke, 798 F.3d 169, 176 (4th Cir. 2015). The Fourth Circuit has long held that a court must inform a *pro se* litigant of his obligation in responding to a motion for summary judgment. Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (applying rule in non-prisoner case); Davis v. Zahradnick, 600 F.2d 458 (4th Cir.

1979) (applying rule in prisoner case). Courts also have "some responsibility to assist *pro se* litigants who are unable to identify the proper defendant." Meckley v. United States, No. 91-2702, 1992 WL 90561, n. 3 (4th Cir. April 30, 1992). The "liberal construction" employed in interpreting *pro se* petitions often requires an "active *interpretation*." Fitz v. Terry, No. 88-7328, 1989 WL 64157 (4th Cir. May 26, 1989) (emphasis added). Thus, in fulfilling their duty to liberally construe *pro se* complaints, judges must employ an active interpretation of *pro se* pleadings and, in limited circumstances, actively assist a *pro se* litigant as the situation requires.

In addition to liberal construction of *pro se* pleadings generally, decisions of the Fourth Circuit have demonstrated an increasing aversion to dismissing *pro se* litigants' discrimination and other civil rights claims on technicalities. Laber v. Harvey, 438 F.3d 404, 426–27 (4th Cir. 2006) (*en banc*) (expressing disinclination to decide the case based on a technicality). Even where the *pro se* litigant has not moved to amend, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, the judges of the Western District of North Carolina have recognized allowing a pro se party an opportunity to fix the deficiency is the better course, even where dismissal would otherwise be warranted. Threat v. Potter, No. 3:05CV116, 2006 WL 1582393, at *1 (W.D.N.C. June 2, 2006) ("Dismissal of the Complaint could be warranted under these circumstances. However, in its discretion, the Court finds that allowing the Plaintiff to amend her Complaint to correct these deficiencies is a wiser course than to order a dismissal at this early stage of the action."). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber, 438 F.3d at 426.

While a district court cannot be counsel for the *pro se* litigant on substantive issues, Gordon, supra, judges must provide *pro se* litigants with procedural instruction to ensure, where

possible, resolution on the merits. Laber, supra.

### 3. Treatment of Otherwise Abandoned Claims by Pro Se Litigants in Other Circuits

In the absence of a case directly on point in the Fourth Circuit, the Court has turned to decisions of judges in other circuits which address the same general rule of abandonment through amendment, but in the context of *pro se* litigants. In similar circumstances, the Second Circuit has held that the question of abandonment by the *pro se* litigant is one of intent. Austin v. Ford Models, Inc., 149 F.3d 148, 155–56 (2d Cir. 1998), *abrogated on other grounds by* Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002). In Austin, the Second Circuit Court of Appeals held that

> ultimately, the question of abandonment is one of intent; ordinarily it makes perfect sense to hold that a party who seeks to file an amended pleading that omits a claim intends to abandon the claim, irrespective of whether the amended pleading is permitted by the court. Where the party is proceeding *pro se*, the question is less easily resolved."

Id. In declining to extend the general rule to *pro se* parties, the court reasoned:

> A *pro se* party may not fully understand the superseding effect of the second pleading, even when it is allowed much less when it is disallowed. Moreover, there is an element of unfairness in the adverse party's benefitting from the terms of a pleading that it has successfully opposed. Finally, because a *pro se* plaintiff who brings a civil rights action should be fairly freely afforded an opportunity to amend her complaint the *pro se* plaintiff would normally be allowed to reallege claims omitted from the second pleading once she had been informed that the effect of that pleading was to abandon those claims.

149 F.3d at 155–56 (citations omitted). In other words, where a *pro se* litigant has omitted earlier-alleged claims from his or her amended complaint, the Austin court held the trial judge must inform the *pro se* party of the effect of the amended pleading before the omitted claims may be deemed abandoned. Recently, the Second Circuit reiterated the position it took in Austin, making it clear that it "declined to extend that rule [of abandonment] to *pro se* parties." Elliott v. City of Hartford, No. 14–3633–cv, 649 F. App'x 31, 32 (2d Cir. May 19, 2016).

8

The Seventh Circuit appears to treat abandonment through amendment in the same manner as the Second Circuit. In <u>Abdullahi v. Prada USA Corp.</u>, 520 F.3d 710, 712 (7th Cir. 2008), the Seventh Circuit found it rather "unlikely" that the plaintiff's omission was intentional and, "bearing in mind her *pro se* status," concluded that the district court was "premature" in dismissing the plaintiff's Section 1981 claim.

Other district court courts have taken a slightly different approach by affirmatively asking *pro se* plaintiffs whether they were, in fact, seeking to abandon their initial federal claims. <u>See, e.g.</u>, <u>Allen v. N.Y.C. Hous. Auth.</u>, No. 10 CIV. 168 CM DF, 2012 WL 4794590 (S.D.N.Y. Sept. 11, 2012). In <u>Allen</u>, the Court had already explained to plaintiff during a case-management conference that an amended complaint must stand on its own and include all claims alleged. Notwithstanding this guidance, plaintiff in that case failed to include all his claims in the amended complaint. Still not confident that plaintiff intended to abandon the omitted claims, the Court sought clarification in an Order stating:

> Nonetheless, the Court notes that Plaintiff is proceeding in this case *pro se*, and that he still may not have understood that, if he did not re-allege his original claims in his proposed amended pleading, those claims could be considered abandoned. Under the circumstances, and before this Court rules on Plaintiff's motion to amend, the Court will give Plaintiff the opportunity to clarify whether he, in fact, wishes to drop his race discrimination claim and any other claims alleged in his Complaint that are not also alleged in his proposed Amended Complaint.

<u>Allen</u>, 2012 WL 4794590, at *4.

This Court's canvas of decisions from other circuits has revealed that courts in other jurisdictions consistently allow *pro se* litigants an opportunity to reallege claims into their amended pleading once they have been informed that the effect of that pleading was to abandon those claims. The Court can find no cases that hold that abandonment through amendment is appropriate where the *pro se* plaintiff is both uncounseled and unadvised by the district court.

9

### 4. Application of Fourth Circuit and Out-of-Circuit Decisions to the Present Case

Like most *pro se* litigants, plaintiff has demonstrated a lack of understanding of the technical and procedural requirements for litigating in federal court. He has captioned several filings improperly, included claims in his First Amended Complaint that were outside the scope of the magistrate judge's July 18 Order, and attempted to file a Second Amended Complaint after the deadline set by the magistrate judge had already passed.

But it is apparent that plaintiff does not know *how* to remedy these errors on his own and was not advised before defendant moved to dismiss that he must include in his amended complaint any claims from his original complaint that he wished to pursue, otherwise they would be abandoned. This Court's reading of current Fourth Circuit decisions along with persuasive authority from other circuits counsels that abandonment through amendment should be cautiously applied to *pro se* litigants.

## IV. Conclusion

For the reasons stated above, the Court adopts in part the Recommendation that the First Amended Complaint only states a claim for libel. In light of this Court's *de novo* review of case law, the Court will decline to adopt the recommendation that the claims contained in the original complaint have been abandoned and should be dismissed, at least for now. The Court will, on the following pages, explain the applicable law and afford plaintiff an opportunity to reassert his original claims, his claim for libel, and one last chance to assert a claim under the FMLA in a pleading captioned "Third Amended Complaint."

# ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#26) is **ACCEPTED** insofar as it recommends **GRANTING** defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (#21) as to all claims therein contained other than plaintiff's cause of action for Libel. The defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (#21) is otherwise **DENIED** without prejudice as to the FMLA claim and claims contained in the original Complaint.

**IT IS ORDERED** that plaintiff is **GRANTED** leave to file a "Third Amended Complaint" in light of the following Advice:

## ADVICE TO PLAINTIFF

Plaintiff is **ADVISED** that where a plaintiff fails to reassert claims that were contained in the original Complaint, those claims can be found to be abandoned and dismissed by the Court. If plaintiff wishes to keep and pursue those claims, he must now reassert those claims in a pleading captioned "Third Amended Complaint." That "Third Amended Complaint" must also include his claim for libel and, if he still wishes to pursue it, the previously allowed claim under the FMLA. No other claims may be asserted in that pleading.
By "reasserting the claims," the Court means that plaintiff would need to copy those claims from his original Complaint and place them into the "Third Amended Complaint."
By "Third Amended Complaint" the Court means precisely what it says, a document with a caption of "Third Amended Complaint," and not "Motion to Amended Complaint."
Plaintiff is granted leave to file his "Third Amended Complaint" within 21 days of entry of this Order.
Finally, plaintiff is cautioned that failure to comply with the precise instructions in this Order may result in the dismissal of his original claims and his permitted but unpled claim under the FMLA.

Plaintiff is allowed 21 days from the date this Order is entered to file his "Third Amended Complaint." This means that plaintiff has until **April 17, 2019**, to file his Third Amended Complaint in the office of the Clerk of this Court.

**IT IS FURTHER ORDERED** that in the event plaintiff files a Third Amended Complaint, the defendant shall have 14 days to Answer or otherwise respond to that pleading.

.

Signed: March 13, 2019

Max O. Cogburn Jr.
United States District Judge