UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-80-MOC-DSC

| | |
|---|---|
| HARVEY SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CHARTER COMMUNICATIONS, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant Charter Communications, Inc.'s Motion for Partial Dismissal of Plaintiff's Third Amended Complaint. (Doc. No. 36).

I.      BACKGROUND

On February 14, 2018, pro se Plaintiff Harvey Smith filed this action against his former employer Defendant Charter Communications, stemming from his termination from employment on or about March 18, 2017. Plaintiff's Complaint purported to assert six causes of action: (1) race discrimination under Title VII; (2) harassment under Title VII; (3) retaliation under Title VII; (4) failure to accommodate under the ADA; (5) discrimination under the ADA; and (6) retaliation under the ADA. (Doc. No. 1). Thereafter, Plaintiff participated in the Court's Pro Se Settlement Assistance Program (the "Program"). (Doc. No. 9). As a result, the case was stayed, and Plaintiff was appointed an attorney to represent him in relation to the Program. Mediation was held on June 5, 2018, and the parties ultimately reached an impasse. (Doc. No. 13).

On June 26, 2018, Plaintiff filed a "Motion to Amended Complaint in Defamation and FMLA for Injunctive Relief and for Monetary Judgment" (Plaintiff's "Motion to Amend").

1

(Doc. No. 14). Plaintiff sought leave to amend his Complaint to include claims for "Common Law Defamation Per Se (libel and slander), General Defamation (libel and slander), Defamation by Implication (libel and slander), Intentional Infliction of Emotion Distress ("IIED"), Tortuous [sic] Interference with Prospective Advantage, and Assault" as well as FMLA interference and retaliation claims. (Doc. No. 14 at 1). On July 10, 2018, Defendant filed a response to Plaintiff's Motion to Amend requesting that the Court deny the Motion to Amend to the extent it sought to include claims of IIED, Tortious Interference with Prospective Advantage and Assault, on the grounds that Plaintiff's Motion to Amend did not state facts sufficient to support those claims. (Doc. No. 15).

On July 18, 2018, Plaintiff filed a Reply in support of his Motion to Amend, (Doc. No. 16), and another document titled "Motion to Amended Complaint in Defamation and FMLA for Injunctive Relief and for Monetary Judgment" ("Second Motion to Amend"). (Doc. No. 17). That same day, U.S. Magistrate Judge David S. Cayer issued an Order granting in part and denying in part Plaintiff's First and Second Motions to Amend. (Doc. No. 18). Specifically, the Court granted Plaintiff's motions as to his claims of defamation and FMLA interference and retaliation and denied Plaintiff's motions as to all other claims. (Doc. No. 18). The Court instructed Plaintiff to file an Amended Complaint within fifteen days, through and including August 1, 2018.

On July 30, 2018, Plaintiff filed a "Motion to Amended Complaint in Intentional Infliction and Emotional Distress, Tortious Interference for Injunctive Relief and for Monetary Judgment," which the Clerk of Court and Defendant construed to be Plaintiff's First Amended Complaint. (Doc. No. 19). Viewed in the light most favorable to Plaintiff, the First Amended Complaint asserted claims for failure to engage in the interactive process under 42 U.S.C. § 1981

("Section 1981"), race discrimination and retaliation under the "North Carolina Civil Rights Act," libel, IIED, negligent infliction of emotional distress ("NIED"), and punitive damages. (Doc. No. 19). Notably, the First Amended Complaint did not reassert the six claims under Title VII and the ADA included in Plaintiff's initial Complaint, nor did it assert any allegations of FMLA interference or retaliation as had been requested in Plaintiff's Motion to Amend.

On August 9, 2018, without filing another motion to amend or seeking leave from the Court, Plaintiff filed yet another "Motion to Amended Complaint in Defamation and FMLA for Injunctive Relief and for Monetary Judgment," which the Clerk and Defendant construed to be a Second Amended Complaint. (Doc. No. 20). In this filing, Plaintiff purported to assert claims for failure to engage in the interactive process and retaliation under Section 1981 and Section 1983, claims of race discrimination and retaliation under the "North Carolina Civil Rights Act," IIED, NIED, libel, and punitive damages. (Doc. No. 20). As with Plaintiff's First Amended Complaint, the Second Amended Complaint did not seek to reassert the six Title VII and ADA claims included in Plaintiff's initial Complaint, nor did it include allegations related to FMLA interference or retaliation.

On August 13, 2018, Defendant filed a Motion for Partial Dismissal of Plaintiff's First Amended complaint to the extent Plaintiff was attempting to assert claims outside the scope of the Court's July 18 Order. (Doc. No. 21). Defendant also sought dismissal of the six Title VII and ADA claims asserted in Plaintiff's initial Complaint that were not reasserted in Plaintiff's First Amended Complaint or his Second Amended Complaint. Defendant further sought dismissal of Plaintiff's Second Amended Complaint in its entirety because it was untimely. Simultaneously, Defendant filed an Answer to Plaintiff's First Amended Complaint. (Doc. No. 23).

Plaintiff filed a Response in Opposition to Defendant's Motion for Partial Dismissal and Motion to Dismiss on August 14, 2018, and Defendant filed a Reply in support of its Motions on August 21, 2018. (Doc. Nos. 24, 25). On August 27, 2018, United States Magistrate Judge David S. Cayer issued a Memorandum and Recommendation concluding that both Defendant's Motion for Partial Dismissal of the First Amended Complaint and Motion to Dismiss the Second Amended Complaint should be granted (the "Recommendation"). (Doc. No. 26).

Specifically, Magistrate Cayer concluded that Plaintiff's claims based on Section 1981, the North Carolina Civil Rights Act, IIED, NIED, and punitive damages were beyond the scope of the Court's grant of leave and must be dismissed. The Magistrate also found that because Plaintiff's First Amended Complaint contained no allegations regarding FMLA interference, retaliation, or the Title VII and ADA claims asserted in the initial Complaint, those claims must also be dismissed. As to Plaintiff's Second Amended Complaint, Magistrate Cayer concluded that because it was filed over a week after the deadline set by the Court, it should be dismissed as untimely. Finally, Magistrate Cayer stayed all proceedings, including all discovery, pending the Court's ruling on the Recommendation.

Despite the stay, and notwithstanding the fact that Magistrate Cayer had already issued a Recommendation on the Motions, on August 30, 2018, Plaintiff filed a Memorandum in Opposition to Defendant's Motion to Dismiss, which the Clerk of Court construed as a Pro Se Surreply in support of Plaintiff's Opposition to Defendant's Motion for Partial Dismissal of Plaintiff's First Amended Complaint and Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. No. 27).[1] On September 10, 2018, Plaintiff filed an "Objection to

---

[1] On August 30, 2018, Plaintiff also filed a Motion to Strike, seeking to eliminate each of the affirmative defenses Defendant asserted in its Answer to Plaintiff's First Amended Complaint.

4

Magistrate's 'Orders'/Report and Recommendation" (Plaintiff's "Objections"). (Doc. No. 29). Defendant filed a Response in Opposition to Plaintiff's Objections on September 24, 2018. (Doc. No. 32).

On March 13, 2019, this Court issued an Order denying Defendant's Motion for Partial Dismissal of Plaintiff's First Amended Complaint and granting Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. No. 33). The Order granted Plaintiff leave to file a Third Amended Complaint to reassert claims that were contained in his original Complaint and to assert new claims of libel and FMLA retaliation and interference. (Id. at 11). The Order expressly prohibited Plaintiff from including any other claims. (Id.).

On April 16, 2019, Plaintiff filed a Third Amended Complaint, asserting claims for (1) ADA disability discrimination; (2) ADA failure to accommodate; (3) FMLA interference; (4) FMLA retaliation; (4) Title VII and ADA retaliation in connection with Plaintiff's non-selection and/or failure to rehire him for several positions "from early February 2016 to the present"; (6) Title VII race discrimination; (7) wrongful discharge in violation of North Carolina public policy; (8) libel; (9) slander; (10) negligent misrepresentation; and (11) blacklisting. (Doc. No. 35). Attached as Exhibit A to Plaintiff's Third Amended Complaint is a copy of the initial EEOC Charge he filed against Defendant, signed and dated by Plaintiff on March 27, 2017. (Doc. No. 35 at 19).

On April 30, 2019, Defendant filed the pending for partial dismissal of Plaintiff's Third Amended Complaint. Defendant contends in the motion to dismiss that Plaintiff's allegations of

---

(Doc. No. 28). Defendant filed a Response in Opposition to Plaintiff's Motion to Strike on September 13, 2018. (Doc. No. 30). The Court issued an Order denying this Motion on March 13, 2019. (Doc. No. 34).

discriminatory and retaliatory employment decisions, including non-selection for positions, that occurred more than 180 days before his EEOC Charge dated March 27, 2017, should be dismissed as untimely. Defendant contends that, similarly, Plaintiff's allegations of discriminatory and retaliatory failure to rehire in connection with positions he applied for after his EEOC Charge dated March 27, 2017, should be dismissed for failure to exhaust administrative remedies, as such post-termination employment decisions were not part of his EEOC Charge dated March 27, 2017, and are not reasonably related to the allegations in the Charge. Finally, Defendant contends that Plaintiff's claims of public policy wrongful discharge, negligent misrepresentation, and blacklisting are outside the scope of the Court's March 13, 2019, Order and should be dismissed.

On May 10, 2019, this Court entered an order granting Plaintiff 14 days to respond to the motion to dismiss. (Doc. No. 39). Plaintiff has filed a response, Defendant has filed a Reply, and Plaintiff has filed a Surreply. (Doc. Nos. 40, 41, 42). This action is ripe for disposition.

**II.     STANDARD OF REVIEW**

In reviewing a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550

U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted). While the Court may construe Plaintiff's complaint liberally because she is a pro se plaintiff, the complaint must still allege "'facts sufficient to state all the elements of [her] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

### III. DISCUSSION

**A. Plaintiff's Allegations of Discriminatory and Retaliatory Employment Decisions that Occurred before September 29, 2016**

Title VII and the ADA provide a maximum of 180 days from the occurrence of an alleged discriminatory action for a claimant to file a timely charge with the EEOC. 42 U.S.C. § 2000e-5(e)(1). Purported discriminatory acts that occurred outside of that time frame cannot constitute the basis of a valid charge. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002) (stating that the claimant must file a charge within the specified statutory deadline, or he loses "the ability to recover for it"); Shipman v. United Parcel Serv., Inc., 581 Fed. Appx. 185, 187 (4th Cir. 2014) (upholding dismissal of disparate treatment claims as untimely where alleged acts occurred more than 180 days before plaintiff filed EEOC charge); Evans v. Techs. Applications & Serv., 80 F.3d 954, 963 (4th Cir. 1996) (upholding district court's dismissal of claims which occurred outside of the statutory time period as time-barred). Here, the 180-day period before Plaintiff's EEOC Charge dated March 27, 2017, extends through September 29, 2016.

7

In his EEOC Charge dated March 27, 2017, Plaintiff references alleged discriminatory and retaliatory actions which purportedly occurred beginning in or about February 2016, including a February 2016 corrective action and his manager subsequently "blocking" his attempts to transfer into other positions. Plaintiff's Third Amended Complaint makes similar allegations. (Doc. No. 35 at ¶¶ 21-24). To the extent Plaintiff's Third Amended Complaint purports to assert claims for discrimination and retaliation under Title VII and the ADA relating to employment decisions that were made before September 29, 2016, such claims are time-barred and will be dismissed.

**B. Plaintiff's Claims Related to the Alleged Discriminatory and Retaliatory Failure to Rehire after March 27, 2017**

The Fourth Circuit has made clear that only those discrimination claims stated in an administrative charge, those reasonably related to the original charge, and those developed by reasonable investigation of the original charge may be maintained in a subsequent lawsuit. See Evans v. Techs. Applications & Serv., 80 F.3d 954, 963 (4th Cir. 1996) (upholding dismissal of harassment and age discrimination claims where plaintiff's EEOC charge related solely to failure to promote because of sex). Courts have interpreted this exhaustion requirement to mean that each discrete incident of discriminatory treatment must be administratively exhausted. See King v. Seaboard Coast Line R.R. Co., 538 F.2d 581, 583 (4th Cir. 1976) (stating that subsequent civil suit "may encompass only the 'discrimination stated in the [EEOC] charge itself or developed in the course of a reasonable investigation of that charge'") (quoting E.E.O.C. v. Gen. Elec. Co., 532 F.2d 359, 365 (4th Cir. 1976)). Courts have routinely enforced this exhaustion requirement on the rationale that "[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as

well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." O'Rourke v. Cont'l Cas. Co., 983 F.2d 94, 97 (7th Cir. 1993).

Here, Plaintiff's Third Amended Complaint alleges that "[f]rom February 2016 to the present," Plaintiff repeatedly indicated his interest in and applied for several positions, but was denied those positions, purportedly due to discrimination and/or retaliation under the FMLA, Title VII, and the ADA. (Doc. No. 35 at ¶¶ 85-87, 95). Allegations concerning alleged discriminatory and/or retaliatory failure to rehire after Plaintiff's March 2017 termination from employment are not reasonably related to the allegations in his March 27, 2017, Charge and could not have been developed from the EEOC's investigation of that Charge, given that they are unspecified post-termination rehire decisions which involve different decision-makers and decision-making processes. See, e.g., Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005) (holding that plaintiff failed to exhaust administrative remedies where administrative charges referenced "different time frames, actors, and discriminatory conduct" than allegations in formal lawsuit).[2] Consequently, to the extent Plaintiff's Third Amended Complaint purports to asserts claims for discriminatory and retaliatory failure to rehire under Title VII and the ADA in connection with post-termination employment actions, such claims will be dismissed for failure to exhaust administrative remedies.

### C. Plaintiff's Claims for Public Policy Wrongful Discharge, Negligent Misrepresentation, and Blacklisting

---

[2] In Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992), the Fourth Circuit held that retaliation claims, which are "like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission" can be raised for the first time in federal court. However, this rule does not apply to Plaintiff's post-March 27, 2017, allegations, which are wholly unrelated to and do not grow out of the allegations in his Charge dated March 27, 2017.

Finally, Defendant contends, and this Court agrees, that Plaintiff's Third Amended Complaint asserts claims that go beyond the scope of the amendment Plaintiff was permitted to make pursuant to this Court's Order dated March 13, 2019. The Court's Order permitted Plaintiff to reassert claims contained in his original Complaint and expressly limited Plaintiff's new claims to libel and FMLA retaliation and interference. The Court clearly stated that "[n]o other claims may be asserted in" the Third Amended Complaint. (Doc. No. 35 at 11). Plaintiff's original Complaint did not include claims for public policy wrongful discharge, negligent misrepresentation, or blacklisting. Thus, each of those claims exceeds the scope of this Court's Order dated March 13, 2019, and will be dismissed. See, e.g., Palm Beach Strategic Income, LP v. Salzman, No. 11-2668-cv, 457 Fed. Appx. 40, *43 (2d Cir. Jan. 26, 2012) (holding that courts routinely dismiss claims in amended complaints where court granted leave to amend for limited purpose and such claims exceeded scope permission granted); Wright v. Sutton, No. CV 1:08-1431, 2017 WL 2873049, at *4 (S.D. W. Va. July 5, 2017) (dismissing amended complaint to the extent it exceeded district court's direction in order granting motion for more definite statement).

## IV. CONCLUSION

For the reasons stated herein, Defendant's motion for partial dismissal of Plaintiff's Third Amended Complaint is granted. That is, first, to the extent Plaintiff's Third Amended Complaint purports to assert claims for discrimination and retaliation under Title VII and the ADA relating to employment decisions that were made before September 29, 2016, such claims are time-barred and will be dismissed. Next, to the extent Plaintiff's Third Amended Complaint purports to assert claims for discriminatory and retaliatory failure to rehire under Title VII and the ADA in connection with post-termination employment actions, such claims will be dismissed for failure to exhaust administrative remedies. Finally, the Court hereby dismisses Plaintiff's claims

for public policy wrongful discharge, negligent misrepresentation, and blacklisting.

**IT IS, THEREFORE, ORDERED** that Defendant Charter Communications, Inc.'s Motion for Partial Dismissal of Plaintiff's Third Amended Complaint, (Doc. No. 36), is **GRANTED**.

Signed: July 1, 2019

Max O. Cogburn Jr
United States District Judge